IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| JERMAINE NADAL, | |
| Plaintiff, | Civil No. 13-5447 (RBK) |
| v. | **OPINION** |
| CHRIS CHRISTIE., et al. | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court on the motion of Jermaine Nadal ("Plaintiff") for the appointment of pro bono counsel. Although Plaintiff seeks the appointment of counsel pursuant to 18 U.S.C. § 3006A, the Court construes his motion as one pursuant to 28 U.S.C. § 1915(e). For the reasons stated herein, Plaintiff's motion is **DENIED**.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a prisoner currently incarcerated at South Woods State Prison ("SWSP") in Bridgeton, New Jersey. (Compl. ¶ 4.) On or about August 5, 2013, Plaintiff filed a Complaint in Superior Court of New Jersey, Cumberland County, alleging violations of his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution, the Constitution of the State of New Jersey, the New Jersey Civil Rights Act, N.J. Stat. Ann. 10:6-1 et seq. ("NJCRA"), the New Jersey Law Against Discrimination, N.J. Stat. Ann 10:5-1 et seq., and alleging pendant state law tort claims. (See generally, Compl.) The crux of Plaintiff's claims is

that the Defendants violated his rights when they transferred him from an Adult Diagnostic and Treatment Center ("ADTC"), where he was receiving specialized psychological and behavioral treatment for sex offenders, to Southern State Correctional Facility where such specialized treatment was not available. Plaintiff claims that his transfer is, among other things, a "direct violation against [his] well being, mental being and rehabilitation," (Compl. ¶ 7), and that it poses a "cruel and excessive risk to plaintiff's health and/or safety" because of the stigma and label associated with ADTC housing being perceived by the general prison population and staff as being where "baby-raper/child-molester/pedophile[s]" are housed (Id. ¶ 116.)

On September 13, 2013, Defendants filed their Notice of Removal, removing this case from the New Jersey Superior Court, Cumberland County pursuant to 28 U.S.C. §§ 1441(b), (c) and § 1443, and asserting that the Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331. (Doc. No. 1.) On October 21, 2013, Plaintiff filed a motion for the appointment of pro bono counsel (Doc. No. 14), which was opposed by Defendants Chris Christie, Jeffrey S. Chiesa, and John J. Hoffman, (Doc. No. 20). While Plaintiff's motion to appoint counsel was pending, Defendants Michelle Finley, Dr. Nancy Graffin, U.M.D.N.J. (University Behavioral Healthcare & University Correctional Healthcare), and Montina Wesley (together, the "Moving Defendants"), filed a motion to dismiss Plaintiff's Complaint for failure to state a claim. (Doc. No. 16.)

## II. LEGAL STANDARD

Ordinarily, civil litigants "have no statutory right to appointed counsel." Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994). However, in certain situations the need for representation is great, and thus district courts are granted broad discretion to request representation for an indigent civil litigant. 28 U.S.C. § 1915(e).

In evaluating a motion seeking the appointment of pro bono counsel, courts engage in a two-step inquiry. First, the Court must make a preliminary determination as to whether the plaintiff's claim has "has arguable merit in fact and law." Tabron, 6 F.3d at 155. Second, if the Court finds that the plaintiff's claim has such merit, the Court then balances the following non-exclusive factors set forth by the Third Circuit in Tabron: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; (6) whether the plaintiff can attain and afford counsel on his own behalf. See id. at 156-57. In balancing these factors, courts should be mindful that "volunteer lawyer time is a precious commodity," and thus "district courts should not request counsel under § 1915(d) indiscriminately." Id. at 157.

## III. DISCUSSION

As directed by the Third Circuit in Tabron, the Court first evaluates whether Plaintiff's claims have some merit in law and fact. "When evaluating the merit of a pro se plaintiff's complaint, courts traditionally give 'greater leeway where they have not followed the technical rules of pleading and procedure.'" Terrell v. Hendricks, No. 11-0832, 2012 WL 2341418, at *2 (D.N.J. June 15, 2012) (quoting Tabron, 6 F.3d at 154); see also Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding that civil rights allegations by a pro se plaintiff may not be dismissed as being without merit unless it is beyond doubt he can prove no facts in support of his claim), reh'g denied, 405 U.S. 948 (1972).

As argued by the Moving Defendants, the merits of Plaintiff's claims are dubious at best. Plaintiff has alleged constitutional and common law claims predicated on his transfer from an

3

ADTC, where he was undergoing specialized psychological and behavioral treatment for convicted sex offenders, to Southern State Correctional Facility where his specialized treatment was not available. (See generally Compl. ¶¶ 1, 110, 114.) However, the New Jersey Criminal Code specifically provides, among other things, that a sex offender may serve consecutive ADTC and prison terms for sex-related and non-sex related charges arising from a single incident, and can be expected to be transferred from an ADTC to a prison upon the completion of the sex-offense related portion of his sentence. See State v. Chapman, 472 A.2d 559, 564 (N.J. 1984); (see also Compl., Ex. E (South Woods State Prison Face Sheet Report, submitted in support of Plaintiff's Complaint, showing that on October 31, 2001, Plaintiff was sentenced for criminal attempt and a sex offense, and for the theft of movable property under N.J. Stat. Ann. § 2C:20-3a).)

Even if Plaintiff's Complaint had merit, however, which this Court will address in detail when it resolves the Moving Defendants' pending motion, Plaintiff has failed to apply, let alone make any showing under, the applicable Tabron factors in support of his motion. The Court's own review of the record in light of the instant motion reveals that there is little support to be had.[1]

The Third Circuit has stated that the most significant of the Tabron factors is Plaintiff's ability to present his own case. Montgomery v. Pinchak, 294 F.3d 454, 501 (3d Cir. 1997). In evaluating Plaintiff's ability, the Court will consider his ability to understand English, his education, literacy, work experience, and prior litigation experience. See Clayton v. Clement, 2007 WL 1741758, at *2 (D.N.J. June 14, 2007) (citing Tabron, 6 F.3d at 156).) Further,

---

[1] Plaintiff instead relies primarily on the assertions that he is indigent, lacks familiarity with the federal courts, (Doc. No. 14), his adversaries have more experienced counsel, and he is less informed (if informed at all) as to the status of pending motions or any other filings because he does not have ECF access, (Doc. No. 22).

because Plaintiff is a prisoner, the Court "should consider the restraints placed upon him [ ] by confinement." Id. (citing Tabron, 6 F.3d at 156). "In conjunction with the consideration of [ ] [P]laintiff's capacity to present his [ ] case, the Court must also consider the difficulty of the particular legal issues" set forth in the Complaint. Tabron, 6 F.3d at 156.

Here, Plaintiff's filings reveal that he has a grasp of the English language and is literate. The record also indicates that Plaintiff has a high school diploma and has completed two years of college, (Compl., Ex. D), and that while he was incarcerated at the ADTC, Plaintiff participated in several educational programs, including completing the following courses: Data Processing and Paralegal Class, (Compl., Ex. E). Although Plaintiff states in his certification that his "knowledge is limited in/with the Federal Courts" and that he is "more adapted with the State Courts," (Doc. No. 14 ¶ 2), he has demonstrated a command of motion and pleading practice before this Court and has complied with the filing rules. (See, e.g., Doc. No. 14 (complying with Local Rule 7.1 that motion be accompanied by Notice).) Looking to the legal issues presented by, it appears that they are not so difficult as to warrant the appointment of pro bono counsel. Although Plaintiff has stated a number of claims, they are all premised on a single set of facts: his transfer out of the ADTC and to prison. The viability of his claims depends on a simple determination as to whether such transfer was legally valid under the various statues and constitutional provisions that Plaintiff cites.

As to the third Tabron factor, the Third Circuit has stated that where a person is confined to prison and that confinement limits his ability to conduct discovery, great weight will be given to the decision to appoint counsel. See Montgomery, 294 F.3d at 503; Tabron, 6 F.3d at 156. Here, however, Plaintiff has not established, or even argued, that he will be unable to utilize the Federal Rules of Civil Procedure governing discovery to gather facts in support of his case.

Even if Plaintiff must engage in discovery, unless and until he is faced with issues that impede his ability to do so, he cannot show that this factor weighs in favor of requesting pro bono counsel.

When evaluating the fourth <u>Tabron</u> factor as to whether the outcome of the case will be heavily based on credibility determinations, "'courts should determine whether the case was solely a swearing contest.'" <u>Gonzales v. Passaic Cty Probation</u>, 2005 WL 2077294, at *7 (D.N.J. Aug. 25, 2005) (citing <u>Parham v. Johnson</u>, 126 F.3d 454, 460 (3d Cir. 1997)). Here, although it does not appear that credibility determinations will prove to be of great consequence to the resolution of this matter, at this early stage of the litigation the extent to which such determinations will be made is not clear. Thus, this factor neither weighs for nor against a request for pro bono counsel.

At this juncture, there is no evidence that this case will require expert testimony. Accordingly, the fifth <u>Tabron</u> factor does not weigh in favor of a request for pro bono counsel.

Finally, Plaintiff's current incarceration and the fact that he "was granted Indigent Status and the Waiver of the Filing Fees in the State Court Jurisdiction" (Doc. No. 14 ¶ 4), weigh in his favor as to the final <u>Tabron</u> factor, which is whether he can attain and afford counsel on his own behalf.

After consideration of the <u>Tabron</u> factors, it appears that four of the six factors weigh against the appointment of pro bono counsel. Accordingly, Plaintiff's motion will be denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's application for appointment of pro bono counsel is denied. An appropriate order will issue today.


Dated: 12/4/2013                                    /s/ Robert B. Kugler
                                                    ROBERT B. KUGLER
                                                    United States District Judge